

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 09-86-GF-SEH |
| | CV 13-11-GF-SEH |
| Plaintiff/Respondent, | |
| | |
| vs. | ORDER DENYING § 2255 MOTION |
| | AND DENYING CERTIFICATE |
| BILLY JOE CURTIS, | OF APPEALABILITY |
| | |
| Defendant/Movant. | |

On February 11, 2013, Defendant/Movant Billy Joe Curtis ("Curtis"), a federal

prisoner proceeding pro se, moved to vacate, set aside, or correct sentence, under 28

U.S.C. § 2255. The motion was accompanied by a memorandum in support.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion

and the files and records of the case conclusively show that the prisoner is entitled to

no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255

Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolaus"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On August 20, 2009, Curtis was charged in a three-count Indictment with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g) (Count 1); possessing a stolen firearm, a violation of 18 U.S.C. § 922(j) (Count 2); and using or carrying a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1) (Count 3). Indictment (doc. 1) at 2-4. Attorney E. June Lord was appointed to represent him. Order (doc. 8). A conviction on Count 3 would result in a mandatory sentence of five years, consecutive to any other sentence. 18 U.S.C. § 924(c)(1)(A)(i) and (D)(ii).

A fully executed plea agreement was filed on December 21, 2009. Curtis agreed to plead guilty to Counts 1 and 2. The United States agreed to dismiss Count

2

3 and to move, at sentencing, for the third point for acceptance of responsibility under U.S.S.G. § 3E1.1(b). Both parties remained free to make any appropriate sentencing recommendation. Plea Agreement (doc. 12) at 2-3 ¶¶ 4-5, 10 ¶ 11, 12 ¶ 12. Curtis pled guilty in open court on January 5, 2010. Minutes (doc. 16).

A presentence report was prepared. Sentencing was set for March 31, 2010, but was continued at Curtis's request. *See* Sentencing Tr. (doc. 40) at 9:4-10:6. The hearing reconvened on April 22, 2010. The Court accepted the factual findings in the Presentence Report. Curtis's base offense level was 14. He received a two-level increase because he possessed three or more firearms, a two-level increase because one of the firearms was stolen, a four-level increase for possession of a firearm during a drug crime, and a three-level decrease for acceptance of responsibility. The total offense level was 19. Presentence Report ¶¶ 15-27. The criminal history category was IV. *Id.* ¶ 42. The advisory guideline range was 46 to 57 months. Sentencing Tr. (doc. 41) at 5:1-22. Curtis was sentenced to serve 57 months in prison, to be followed by a three-year term of supervised release. Minutes (doc. 25); Judgment (doc. 26) at 2-3. Judgment was filed on April 27, 2010. Judgment (doc. 26) at 1.

On May 21, 2010, Curtis submitted *pro se* documents that were filed as a notice of appeal. Following this Court's denial of a motion to extend the time to file a notice of appeal, *see* Order (doc. 33), the Court of Appeals appointed new counsel

3

to represent Curtis. New counsel, Mark Meyer, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). He challenged Lord's failure to file a motion to suppress, the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), and the reasonableness of the sentence, and he asserted that a criminal history category of IV overrepresented the seriousness of Curtis's actual history. Appellant Br. at i, *United States v. Curtis*, No. 10-30155 (9th Cir. filed Nov. 16, 2010).[1] On April 19, 2012, the court ruled that an "independent review of the record . . . discloses no arguable grounds for relief as to Curtis's conviction. Curtis waived his right to appeal the sentence." Mem. at 2, *Curtis*, No. 10-30155 (9th Cir. Apr. 19, 2012) (unpublished mem. disp.) (doc. 49).

Curtis's conviction became final ninety days later, on July 18, 2012. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). He timely filed the § 2255 motion on February 11, 2013. 28 U.S.C. § 2255(f)(1).

## III. Curtis's Claims and Analysis

Curtis challenges the legality of his initial contact with law enforcement authorities. He asserts that police were investigating the person he was with, Byron Lucky, and only stopped him because he had a firearm "in the open, uncovered,"

---

[1] The Court may take judicial notice of other courts' records. *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (documents related to habeas); *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 911 n.1 (9th Cir. 1988).

4

which is not illegal in Montana. Mot. § 2255 (doc. 51) at 4-5 ¶ 12A. He also asserts that Lord violated his Sixth Amendment right to the effective assistance of counsel because he did not trust her and because she would not assist him in challenging the unlawful stop, arrest, and false charges. *Id.* at 4-5 ¶ 12B.

Although Curtis asserts that the Court of Appeals did not consider his first claim "because of waiver of my right to appeal," Mot. § 2255 at 4, the appellate court did, in fact, hear the claim and found it meritless. The evidence showed that Curtis's firearm was, as he alleges, "in plain view" to the officers who approached him and his friend Lucky. To ensure their own safety while they were talking to the pair, the officers did a pat-down search of Curtis. They discovered two more handguns tucked into Curtis's waistband. Those firearms were concealed, which is illegal in Montana. Mont. Code Ann. § 45-8-316(1). At that point, the officers had probable cause to arrest Curtis. Thereafter, he made a statement admitting all the facts necessary to support his conviction on all three of the charges filed against him. *See* Offer of Proof (doc. 14) at 3-5 ¶¶ 1-12; *see also* Appellant Br. at 5-6.

The Court of Appeals found "no arguable grounds for relief as to Curtis's conviction." Consequently, this Court can only presume that counsel's brief and the Offer of Proof left no room for doubt about the facts and the law. "Issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding."

5

*United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) (citing cases); *see also United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985); *United States v. Scrivner*, 189 F.3d 825, 828 n.1 (9th Cir. 1999) (noting that "relitigation bar" precludes reconsideration in § 2255 proceeding of claims raised and adjudicated on direct appeal); *see also United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). Curtis's challenge to the legality of the initial contact with officers is denied as meritless and as previously decided.

With regard to Curtis's second claim of difficulties with counsel, "if and when counsel's ineffectiveness 'pervades' a trial, it does so (to the extent we can detect it) only though identifiable mistakes." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006). The only "mistake" Curtis has identified – counsel's failure to file a motion to suppress – was a meritless issue. An attorney may "fail to raise an issue because she foresees little or no likelihood of success on that issue," *Miller v. Keeney*, 882 F.3d 1428, 1434-35 (9th Cir. 1989). Curtis can show no prejudice, *Strickland v. Washington*, 466 U.S. 668, 694 (1984). This claim is denied as meritless.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes

"a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Neither of Curtis's claims meets even the relatively low threshold of 28 U.S.C. § 2253(c)(2). Curtis's challenge to the legality of the initial contact between him and investigating officers has already been decided by the Court of Appeals and lacks merit. The only instance of deficient performance Curtis alleges is her failure to file a motion to suppress, and that issue lacks merit. The § 2255 motion is frivolous. There is no reason to encourage further proceedings. A COA will be denied.

**ORDERED**:

1. Curtis's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 51) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Curtis files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in

7

CV 13-11-GF-SEH are terminated and shall close the civil file by entering judgment

in favor of the United States and against Curtis.

DATED this _17th_ day of June, 2013.

Sam E. Haddon
United States District Court