IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BILLY JOE CURTIS,<br><br>Defendant. | CR 09-86-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Mr. Curtis of violating his conditions of supervised release refusing to submit to a Breathalyzer test. He admitted to the allegation. His supervised release should be revoked, and he should be sentenced to six months of custody, with twenty-two months of supervised release to follow.

## II. Status

In January 2010, Mr. Curtis pleaded guilty to Felon in Possession of a Firearm (Count I) and Possession of a Stolen Firearm (Count II). (Doc. 20.)

United States District Court Judge Sam E. Haddon sentenced Mr. Curtis to 57 months of custody on Count I and 57 months of custody on Count II, to run concurrently. Mr. Curtis was sentenced to 36 months of supervised release. (Doc. 26.) Mr. Curtis's term of supervision began on August 10, 2015. (Doc. 60.)

On October 13, 2015, the United States Probation Office (USPO) filed a Report on Offender Under Supervision, alleging Mr. Curtis violated the conditions of his supervised release by using alcohol. (Doc. 58.) The Probation Office filed a second Report on Offender Under Supervision on November 19, 2015, alleging Mr. Curtis violated the conditions of his supervised release by using alcohol. (Doc. 59.)

On February 16, 2016, the Court revoked Mr. Curtis' supervised release because Mr. Curtis admitted to using alcohol. The Court sentenced Mr. Curtis to three in months in custody, with thirty-three months of supervised release to follow. (Doc. 70.) Mr. Curtis' current term of supervised release began on April 20, 2016.

On November 9. 2016, the Court again revoked Mr. Curtis's supervised release because he refused to submit to a Breathalyzer test. (Doc. 84.) The Court sentenced him to five months in custody, with twenty-eight months of supervised release to follow. (*Id*.) He began his current term of supervised release on December 5, 2016.

**Petition**

On February 28, 2017, the USPO filed a petition asking the Court to revoke Mr. Curtis's supervised release. (Doc. 90.) The USPO accused Mr. Curtis of violating the conditions of his supervised release by using refusing to submit to a Breathalyzer test. (*Id.*) Based on the petition, United States District Court Judge Brian Morris issued a warrant for Mr. Curtis's arrest. (Doc. 91.)

**Initial appearance**

On February 28, 2017, Mr. Curtis appeared before the undersigned in Great Falls, Montana for an initial appearance. Federal Defender Henry Branom accompanied him at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Curtis said he had read the petition and understood the allegations. Mr. Curtis waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Curtis refused admitted that he violated the conditions of supervised release. The violation is serious and warrants revocation of his supervised release.

Mr. Curtis's violation grade is Grade C, his criminal history category is IV, and his underlying offenses are Class C felonies. He could be incarcerated for up to twenty-four months on Count I and twenty-four months on Count II. He could

be ordered to remain on supervised release for twenty-eight months on Count I and twenty-eight months on Count II, less any custody time imposed. The United States Sentencing Guidelines call for six to twelve months in custody.

Mr. Branom recommended a sentence at the low end of the guideline range. Mr. Curtis exercised his right of allocution and told the Court that he refused the Breathalyzer because the police officers were being rude to him. Assistant United States Attorney Cobell recommended a sentence in the middle of the guideline range.

### III.  Analysis

Mr. Curtis's supervised release should be revoked because he violated its conditions. A sentence of six months custody on each count followed by twenty-two months of supervised release on each count to follow, is appropriate. The sentences should run concurrently. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Mr. Curtis was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised

release and what, if any, sanction to impose.

The undersigned **FINDS:**

Billy Joe Curtis violated the conditions of his supervised release by refusing to submit to a Breathalyzer exam.

The undersigned **RECOMMENDS:**

The district court should enter the attached Judgment, revoking Mr. Curtis's supervised release and committing Mr. Curtis to the custody of the United States Bureau of Prisons for six months on Count I and six months on Count II, to run concurrently. He should be sentenced to continued supervised release for twenty-two months on each count, to run concurrently.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 6th day of March, 2017.

_____
John Johnston
United States Magistrate Judge